UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>MICHAEL STICKLER,<br><br>Defendant. | Case No. 3:12-cr-00120-MMD-WGC<br><br>ORDER |

Before the Court is Defendant's Motion in Limine Regarding Prior Convictions (dkt. no. 27) filed on July 22, 2013. The Court has reviewed the United States' response (dkt. no. 31) and Defendant's reply (dkt no. 49). Defendant asks the Court to preclude the United States from introducing evidence of Defendant's convictions from outside of the 10-year limitations period imposed by Fed. R. Evid. 609(b) to impeach him. The United States agrees that such evidence would not be admissible in its case in chief pursuant to Fed. R. Evid. 404(b). The United States also agrees that it would not be admissible for impeachment purposes. The only exception, the United States argues, would be if the Defendant "were to testify that he had never committed crimes before and was an honest, law-abiding citizen."[1] In his reply, Defendant states that he "agrees to the limits of the use of the prior conviction" set out by the United States in its response.

---

[1] The Court notes that the United States also maintains that it could use evidence of prior convictions to challenge the basis of a witness' testimony as to Defendant's character for truthfulness. The Defendant agrees that the United States may admit prior conviction evidence to rebut such testimony from a witness under Fed. R. Evid. 404(a)(2). However, this potential use of prior conviction evidence is outside of the scope of Defendant's motion, which only discusses the impeachment of Defendant. It is therefore not addressed in this Order.

Fed. R. Civ. P. 609(b) provides that a conviction more than ten years old is not admissible as impeachment evidence "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Under Rule 609(b), the United States must present evidence upon which the Court can make this determination. *See United States v. Bensimon*, 172 F.3d 1121, 1125 (9th Cir. 1999) (*citing United States v. Portillo ("Portillo I")*, 633 F.2d 1313, 1323 (9th Cir. 1980)). The Court "must make findings of specific facts and circumstances on the record to support the introduction of the prior conviction." *Id.* (citation omitted). A motion in limine is a preliminary motion that is entirely within the discretion of the Court. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984). The Court may alter its ruling based on developments at trial. *Id.*

The United States argues that the probative value of Defendant's prior convictions substantially outweighs its prejudicial effect only in the specific circumstance in which Defendant testifies "that he had never committed crimes before and was an honest, law-abiding citizen." (Dkt. no. 31.) The Court agrees. While introducing Defendant's prior convictions would be prejudicial, especially because the prior crimes are similar to the currently charged offense and Defendant was convicted over 20 years ago, this prejudice is substantially outweighed by the value of the evidence on Defendant's veracity where Defendant directly misrepresents that he has never committed a crime and is a law-abiding citizen.

It is therefore ordered that Defendant's Motion in Limine Regarding Prior Convictions (dkt. no. 27) is denied as to the limited circumstance outlined above and otherwise granted.

DATED THIS 3rd day of October 2012.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE