UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>MICHAEL STICKLER,<br>　　　　　　　　　　Defendant. | Case No. 3:12-cr-00120-MMD-WGC<br><br>ORDER<br>(Government's Motion in Limine –<br>dkt. no. 57) |

I. **SUMMARY**

Before the Court is the United States' Motion in Limine seeking to preclude Defendant from introducing two items of evidence: (1) evidence of civil litigation between the United States and Defendant and (2) evidence or arguments relating to the bankruptcy or divorce proceedings of Kathryn Petri, a government witness. (Dkt. no. 57.) In response, Defendant concedes that the first item of evidence should be excluded. (Dkt. no. 59.) The Court thus addresses the second item of evidence and grants the Motion.

II. **BACKGROUND**

Defendant Michael Stickler was indicted on one count of theft of public money in violation of 18 U.S.C. § 641. The Indictment alleges that from about October 2007 to April 2008, Defendant stole and converted for his use or the use of another federal grant funds issued from the Department of Health and Human Services to his company, Faith Based Solutions ("FBS"). Defendant's theory of defense is that FBS's former Grant

Manager and bookkeeper, Kathryn Petri, took the grant funds for which he is indicted. (Dkt. no. 59 at 2.)

The government anticipates calling Ms. Petri as one of its witnesses and seeks to preclude introduction of evidence or arguments relating to two previous proceedings involving Ms. Petri. The first proceeding involves Ms. Petri's Chapter 7 voluntary bankruptcy petition, which she initiated in March 2005 and was resolved in June 2005. (Dkt. no. 58, Ex. 3.) The second proceedings relate to Ms. Petri's divorce. Ms. Petri and her former husband filed a joint petition for dissolution of their marriage on June 4, 2007. (*Id.*, Ex. 4.) The final divorce decree was entered on June 14, 2007. (*Id.*, Ex. 5)

### III.   LEGAL STANDARD

A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir.2009). It is a preliminary motion that is entirely within the discretion of the Court. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984). To exclude evidence on a motion in limine, "the evidence must be inadmissible on all potential grounds." *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech.*, Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007). Moreover, in limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n. 3 (2000); accord *Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

|   |   |
|---|---|
| 1 | Generally, all relevant evidence is admissible. Fed. R. Evid. 402. Evidence is |
| 2 | relevant if it has "any tendency to make the existence of any fact that is of consequence |
| 3 | to the determination of the action more probable or less probable than it would be |
| 4 | without the evidence." Fed. R. Evid. 401. The determination of whether evidence is |
| 5 | relevant to an action or issue is expansive and inclusive. *See Sprint/United Mgmt. Co. v.* |
| 6 | *Mendelsohn*, 552 U.S. 379, 384–87 (2008). However, a court may exclude otherwise |
| 7 | relevant evidence "if its probative value is substantially outweighed by the danger of |
| 8 | unfair prejudice." Fed. R. Evid. 403. Evidence may be excluded when there is a |
| 9 | significant danger that the jury might base its decision on emotion or when outside |
| 10 | events would distract reasonable jurors from the real issues in a case. *See Tennison v.* |
| 11 | *Circus Circus Enterprises, Inc.*, 244 F.3d 684, 690 (9th Cir.2001); U.S. v. Layton, 767 |
| 12 | F.2d 549, 556 (9th Cir.1985). |

**IV.   DISCUSSION**

The government argues that because Ms. Petri's bankruptcy and divorce proceedings concluded before the facts alleged in the Indictment, their existence has no bearing on whether Ms. Petri is responsible for theft of the funds at issue, and thus evidence related to these proceedings should be excluded under Fed. R. Evid. 401 and 403. Defendant contends that because his defense is that Ms. Petri was responsible for the theft of government funds, evidence of Ms. Petri's bankruptcy and divorce proceedings are relevant for impeachment purposes. According to Defendant, Ms. Petri's bankruptcy filing and her divorce, which left her without her husband's income and no child support for her two minor children on an annual income of $40,000, indicate that she was struggling financially in the months leading up to the events in the Indictment and had a motive to steal[1].

---

[1] The records do not show the amount of Ms. Petri's husband's income or that he had any income. Ms. Petri and her husband had joint physical custody of their children after the divorce. The children reside with their parents every other month and neither had to provide the other child support. (Dkt. no. 58, Ex. 4.)

Defendant relies on the Confrontation Clause to argue that the Court should not limit his ability to cross-examine Ms. Petri.  The Confrontation Clause provides a criminal defendant with the opportunity to cross-examine adverse witnesses to impeach and test the witnesses' credibility.  *Davis v. Alaska*, 415 U.S. 308, 315-16 (1974). However, the subject of the cross-examination must have some relevance to the issues in the case.  *Skinner v. Cardwell*, 564 F.2d 1381, 1388 (9th Cir. 1977); *see also Davis*, 415 U.S. at 316 ("A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand.")  "Generally speaking, the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985).  Thus, restricting cross-examination "does not violate the Confrontation Clause unless it limits relevant testimony and prejudices the defendant." *United States v. Shabani*, 48 F.3d 401, 403 (9th Cir. 1995).

Evidence of Ms. Petri's bankruptcy and divorce proceedings are not relevant to show she was struggling financially or had a motive to steal.  Ms. Petri's bankruptcy petition and discharge concluded in 2005, over two years before the events in the Indictment.  The fact of her bankruptcy filing in 2005 is not probative as to whether she was in poor financial condition in 2007.  *See United States v. Bensimon*, 172 F.3d 1121, 1129 (9th Cir. 1999) (holding that "a petition for bankruptcy is not in and of itself evidence of a specific and immediate financial need such that it would be relevant to showing [defendant]'s motive.")  Similarly, Ms. Petri's divorce months before the events in the Indictment is not probative of her financial situation.  Defendant claims that the divorce meant Ms. Petri did not have the benefit of her husband's income and still had her two minor children to support without child support payment.  However, the records before the Court do not show that Ms. Petri's husband had any income or earned a higher income than Ms. Petri.  While Ms. Petri had joint physical custody of her minor

4

children and did not have child support payment from her husband, she also did not have to pay child support. Divorce results in the potential loss of a double income, but it also has the potential to reduce one spouse's liability.

Even if evidence of Ms. Petri's bankruptcy and divorce proceedings is relevant to show her poor financial situation, such evidence, without anything more, is nevertheless inadmissible to show motive. As the Ninth Circuit has observed:

> [p]overty as proof of motive has in many cases little tendency to make theft more probable. Lack of money gives a person an interest in having more. But so does desire for money, without poverty. A rich man's greed is as much a motive to steal as a poor man's poverty. Proof of either, without more, is likely to amount to a great deal of unfair prejudice with little probative value.

*United States v. Mitchell*, 172 F.3d 1104, 1108-09 (9th Cir. 1999). Evidence of Ms. Petri's bankruptcy and divorce might lead the jury to impermissibly draw the conclusion that a poor single mother who had filed for bankruptcy, albeit two years before the events leading to the theft, might have a motive to steal. Such evidence, even if probative, is substantially outweighed by a danger of unfair prejudice and is inadmissible under Fed. R. Evid. 403.

## V.   CONCLUSION

Defendant seeks to admit evidence of Ms. Petri's bankruptcy and divorce to improperly suggest that being poor provides a reason to steal. Evidence of the bankruptcy and divorce do not show Ms. Petri was struggling financially. Defendant's premise of poverty is thus not supported by the evidence. Moreover, the suggestion that poverty gives one a motive to steal falls squarely within Rule 403's prohibition. It is therefore ordered that the United States' Motion in Limine (dkt. no. 57) is granted.

DATED THIS 8th day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE